In the Matter of WILLIAM B. BURKE, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, October 31, 1974.

*Paul J. Ginnelly* for petitioner.

*William B. Burke, pro se,* and *William F. Lynn* for respondent.

*Per Curiam.* Respondent was admitted to the Bar by this court on June 23, 1965.

By petition verified December 22, 1972 and supplemental petition verified February 8, 1973, various acts of professional misconduct were charged against him to which he interposed no defense. The court found that the conduct of respondent constituted a serious violation of the standards of conduct required of a member of the Bar and on April 13, 1973 suspended him from the practice of law for one year and thereafter until further order of the court (*Matter of Burke,* 41 A D 2d 217). Such suspension is still in effect.

Thereafter by petition verified September 9, 1974 petitioner charged respondent with various other acts of professional misconduct which had been brought to the attention of petitioner subsequent to the order of suspension. We find that the acts charged in the petition and admitted by respondent in his answer constitute professional misconduct and conduct prejudicial to the administration of justice as defined by subdivision 2 of section 90 of the Judiciary Law.

Respondent commingled and converted $601.90 of a client's moneys representing a portion of the proceeds of a settlement of a negligence action and thereafter failed and neglected to respond or give timely answer to inquiries from the New York State Bar Association concerning the complaint from the client with reference thereto.

He issued a check to the County Clerk which was returned marked " insufficient funds ". When advised of the dishonored

check by the Onondaga County Bar Association he failed and neglected to make restitution for the check and thereafter repeatedly failed and neglected to answer the complaint of the Bar Association when requested to do so by petitioner.

He failed and neglected to file Federal and New York State inheritance tax returns in an estate which he was retained to represent.

He defaulted in payment on a promissory note for a loan given by a client and thereafter failed to co-operate with the attorney for the client seeking collection or to make payment on the note until judgment was taken against him and execution of the judgment effected by garnishee.

Following respondent's suspension from practice he failed to fully comply with rule 1022.10 of this court relating to the conduct of attorneys suspended from the practice of law.

The cumulative acts of misconduct charged and admitted in this proceeding together with those found in the previous proceeding which resulted in his suspension while explained by respondent as being a consequence of certain personal problems, nevertheless establish that respondent has failed to uphold the dignity and integrity of the Bar and does not merit the confidence of the public or the profession. He lacks the character and fitness requisite for an attorney at law and should be disbarred.

MARSH, P. J., WITMER, MOULE, MAHONEY and GOLDMAN, JJ. concur.

Order of disbarment entered.